UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR E. DAVIS III,

                Plaintiff,

        -against-

DEBRA K. DAVIS; KARLA L. NELSON;
JOSEPH R. DAVIS; PAMELA J. ROCK;
THOMAS A. DAVIS,

                Defendants.

1:20-CV-6506 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

      Plaintiff Arthur E. Davis III, a resident of New York, appears *pro se* and asserts claims under state law under the Court's diversity jurisdiction. He alleges that the defendants are his siblings, and that they all reside in North Carolina, with the exception of Karla L. Nelson, who resides in Minnesota. But he does not specify where his siblings live within those states. Plaintiff seeks $2,229,086.33 in damages, and he has paid the relevant fees to bring this action. For the reasons discussed below, the Court transfers this action to the United States District Court for the Eastern District of North Carolina.

      Under the applicable venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in:

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled.

Plaintiff's complaint fails to allege any facts that suggest that this Court is a proper venue for this action. None of the defendants reside within this judicial district or, for that matter, within the State of New York; they reside in North Carolina or Minnesota. Plaintiff alleges that a portion of the events giving rise to his claims occurred in a state probate court in Wake County, North Carolina (ECF 1, at 8, 11), which is located in the Eastern District of North Carolina, *see* 28 U.S.C. § 113(a), and that other events occurred in a state court in Alexandria, Virginia (ECF 1, at 7-8), which is located in the Eastern District of Virginia, *see* 28 U.S.C. § 127(a). In addition, he alleges that at least some of the property at issue is located in Louisburg, Franklin County, North Carolina (ECF 1, at 5), which also is located in the Eastern District of North Carolina, *see* § 113(a).

While Plaintiff asserts that "a substantial part of the property that is [the] subject of the action is situated in this judicial district" (ECF 1, at 2), there is nothing in his complaint to support that allegation. Rather, to the extent that he asserts that at least some of the events or omissions giving rise to his claims occurred, or at least part of the property that is the subject of this action is situated, where he resides, this Court is not a proper venue for his claims because he does not reside within this judicial district – his address of record is an address in Astoria, Queens County, New York, which is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c).[1]

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: New York (Borough of Manhattan), Bronx (Borough of the Bronx), Westchester, Dutchess, Rockland, Orange, Putnam, and Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: Kings (Borough of Brooklyn), Queens (Borough of Queens), Richmond (Borough of Staten Island), Nassau, and Suffolk. *See* § 112(c).

Because Plaintiff alleges that a significant portion of the events giving rise to his claims occurred, and that a substantial part of the property at issue is situated, within the Eastern District of North Carolina, venue is proper in that judicial district. *See* § 1391(b)(2). Accordingly, the Court transfers this action to the United States District Court for the Eastern District of North Carolina. 28 U.S.C. § 1406(a).

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 2). The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 4.)

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of North Carolina. A summons shall not issue from this Court. This order closes this action.

SO ORDERED.

Dated: November 5, 2020
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.